IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |
|---|---|
| FREDRICK E. SMITH and BETH SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> RELIANCE STANDARD LIFE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 5:17-cv-00056 |

## AMENDED COMPLAINT

Plaintiffs, Fredrick E. Smith and Beth Smith, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, amend the Complaint in this matter as a matter of course within 21 days after service of a motion under Rule 12(b), by adding the following causes of action and amending their prayer for relief, and state and allege as follows:

### EIGHTH CAUSE OF ACTION
### (ERISA VIOLATIONS)

57. Plaintiffs, Frederick E. Smith and Beth Smith incorporate herein paragraphs 1 through 56 of the Complaint as if fully set forth.

58. To the extent the Court determines that the benefits payable and otherwise sought under the aforesaid LTD and Life Policies are within the scope of the Employee Retirement Income Security Act (ERISA or the Act), 29 U.S.C. §1001, *et seq.*, Plaintiffs bring this claim for disability benefits, waiver of premium benefits, and breach of fiduciary duties owed under said Policies, pursuant to Section 502(a) of ERISA, 29 U.S.C. §1132(a).

59. The LTD Policy is a valid contract of long-term disability insurance (the LTD Plan), which was issued by Defendant to Plaintiff Frederick E. Smith's former employer, Charles Craft, Inc., and was in full force and effect at all times relevant to this Amended Complaint.

60. The Life Policies are valid contracts of group life insurance, which were issued by Defendant to Charles Craft, Inc., and were in full force and effect at all times relevant to this Amended Complaint.

61. Upon information and belief, the LTD and Life Policies at issue, under which Plaintiffs seek benefits, are group policies and qualify as an employee welfare benefit plans within the meaning of 29 U.S.C. § 1002(1).

62. At all relevant times, Plaintiff Frederick E. Smith was employed by Charles Craft, Inc. and was a covered participant in the LTD Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the LTD Policy.

63. Plaintiff Frederick E. Smith was a member of an eligible class of employees entitled to coverage for life insurance, including waiver-of-premium benefits for total disability, under the Life Policies. At all relevant times, Plaintiff Beth Smith has been Mr. Smith's designated beneficiary, as defined in 29 U.S.C. § 1002(8), under the Life Policies.

64. Under the terms of the LTD Policy, Defendant was the administrator of the LTD Plan and acted as a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002 (21). At all relevant times, Defendant had the sole, exclusive authority to administer claims arising under the LTD Plan, to grant or deny benefits to applicants, to pay benefits to those entitled thereto, and to terminate benefits under the LTD Plan.

65. Following Defendant's termination of Plaintiff Frederick E. Smith's disability benefits and his claim for waiver of life insurance premiums in May 2016, Mr. Smith filed a request for review by letter to Defendant dated June 20, 2016. Plaintiff Beth Smith and the President of Charles Craft, Inc. also submitted letters to Defendant detailing Mr. Smith's inability to perform any work. By letter dated September 1, 2016, Defendant denied Mr. Smith's appeal and advised him of his right to bring a civil action under ERISA § 502(a), in the event his claim was subject to the Act.

66. On October 19, 2016, Counsel for Plaintiffs wrote to Defendant regarding its termination of benefits and enclosed substantial additional medical evidence of Mr. Smith's actual physical condition, in response to which Defendant wrote to Plaintiffs' counsel that Defendant's internal guidelines provide for only one appeal, which had already been provided; that its determination was final and the claim file was closed; and that none of the additional medical information provided by Plaintiffs' counsel would be considered.

67. Mr. Smith has exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

68. Defendant has wrongfully denied LTD and waiver-of-premium benefits to Plaintiffs Frederick E. Smith and Beth Smith, in violation of the policy provisions and ERISA, for the following reasons:

> (a) Mr. Smith is totally disabled, in that he cannot perform the material duties of his own occupations, and he cannot perform the material duties of any other occupation which his education, training, or experience would reasonably allow;
>
> (b) Mr. Smith is entitled to disability benefits under the terms of Defendant's LTD Policy, as he meets the LTD Policy's definition of disability and he has otherwise met the conditions precedent of the LTD Policy for coverage and entitlement to benefits;

(c) Defendant failed to accord proper weight to the evidence in the administrative record showing that Mr. Smith is totally disabled;

(d) Defendant's interpretation of the definition of disability contained in the LTD Policy is contrary to plain of the LTD Policy, unreasonable, arbitrary, capricious, and otherwise violated the standards required by ERISA; and

(e) Defendant has violated its contractual obligation to furnish long-term disability benefits to Mr. Smith.

69. Defendant has breached the fiduciary duties it owes to Plaintiff Frederick E. Smith in the administrative review and handling of his claim for LTD benefits, and the fiduciary duties it owes to Plaintiffs Frederick E. Smith and Beth Smith in its evaluation of Mr. Smith's claim for waiver of life insurance premiums, in that Defendant:

(a) Wrongfully denied Mr. Smith a full, fair and impartial review of his benefits claim by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support its goal of denying his benefits claim;

(b) Failed to give proper weight to Plaintiffs' own accounts regarding the debilitating effects of Mr. Smith's pain;

(c) Ignored the records and opinions of Mr. Smith's treating physicians which show that Mr. Smith is totally disabled, and instead based its decision to deny benefits on its internal review by Reliance Standard staff members and its consultative physician, who had never seen or treated Mr. Smith, who never spoke with his treating physicians about the nature of his disability, and who were not as qualified as Mr. Smith's treating physicians to formulate opinions regarding the nature and extent of his disability;

(d) Refused to consider the additional information tendered by Mr. Smith, through counsel, showing that he was disabled, in violation of its continuing duty to review evidence bearing on the issue of disability;

(e) Failed to exercise reasonable flexibility in its claims review process to assure Mr. Smith a full, fair review, well-reasoned, and principled of his claim;

(f) Administered Mr. Smith's claim for disability benefits while acting under an inherent and substantial conflict of interest in that Defendant served both as fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Mr. Smith's interests in wrongfully terminating his LTD

benefits and failing to administer the LTD Plan as an impartial decision-maker, free of such conflict of interest, would;

(g) Made erroneous interpretations of some evidence and/or relied on erroneous medical evidence that had been corrected, in violation of its obligation to discharge its duties with care, prudence, skill, and diligence;

(h) Acted in bad faith by denying Mr. Smith's claim based upon the inability of Defendant's consultative physician to find Mr. Smith disabled, and otherwise failed to administer his LTD Policy and Life Policies honestly, fairly and in good faith, and to at all times act in Mr. Smith's best interests;

(i) Relied upon its inaccurate, arbitrary, and bad faith evaluation of Mr. Smith's disability claim to, likewise, arbitrarily and wrongfully deny waiver-of-premium benefits to Mr. and Mrs. Smith on the ground that Mr. Smith was not totally disabled.

70. As a result of the foregoing, the relief to which Plaintiffs are entitled includes: (1) monthly long-term disability income benefits to Mr. Smith, (2) payment of back benefits from April 30, 2016, to the date of judgment, (3) pre-judgment interest, (4) reinstatement of Mr. Smith's employee life insurance benefits pursuant to the Life Policies' waiver of premium provisions, (5) equitable relief, including declaratory and injunctive relief, to redress Defendant's practices that are violative of the Policies and ERISA, and to enforce the terms of the Policies and ERISA, and (6) an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, in addition to the relief sought in the original Complaint, Plaintiffs respectfully pray the Court for the following:

1. Declaratory and injunctive relief, finding that Defendant violated the terms of the LTD and Life Policies and Plaintiffs' rights thereunder by terminating Mr. Smith's long-term disability and waiver-of-premium benefits; that Mr. Smith is entitled to a continuation of future LTD benefits from Defendant pursuant to the LTD Policy; and that Plaintiffs have the

right to the continuation of the Life Policies as long as Mr. Smith remains totally disabled and are entitled to a waiver of premiums for disability;

2. Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiffs; enjoining Defendant from further violations of its fiduciary duties; and directing Defendant to take all actions necessary to administer the subject Policies in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

3. A judgment ordering Defendant to pay Mr. Smith's long-term disability benefits from April 30, 2016 through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date of judgment;

4. A judgment reinstating the Life Policies with waivers of premium for disability;

5. An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

6. For such other and further relief as the Court deems just, fit and proper; and

7. For a trial by jury on all issues so triable.

This the 9th day of February, 2017.

        ANDERSON, JOHNSON, LAWRENCE
         & BUTLER, L.L.P.

        By:    /s/ Stacey E. Tally
             J. Stewart Butler, III
             N.C. State Bar No. 12887
             Stacey E. Tally
             N.C. State Bar No. 39669
109 Broadfoot Avenue
P. O. Box 53945
Fayetteville, N.C. 28305
Telephone: (910) 483-1171
Facsimile: (910) 483-5005
jsbutler@andersonjohnson.com
stally@andersonjohnson.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2017, I electronically filed a copy of the foregoing *Amended Complaint* using the CM/ECF system, which will send notification of such filing to the following:

Hannah Styron Symonds
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
hannah.symonds@wilsonelser.com
*Attorneys for Defendant*

Respectfully submitted, this the 9th day of February, 2017.

        ANDERSON, JOHNSON, LAWRENCE
          & BUTLER, L.L.P.

        By:   /s/ Stacey E. Tally
           J. Stewart Butler, III
           N.C. State Bar No. 12887
           Stacey E. Tally
           N.C. State Bar No. 39669
109 Broadfoot Avenue
P. O. Box 53945
Fayetteville, N.C. 28305
Telephone: (910) 483-1171
Facsimile: (910) 483-5005
jsbutler@andersonjohnson.com
stally@andersonjohnson.com
*Attorneys for Plaintiffs*

(drn:16283/AmComplaint)