IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-56-BR

FREDERICK E. SMITH and BETH SMITH,
    Plaintiffs,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,
    Defendant.

ORDER

This matter is before the court on defendant Reliance Standard Life Insurance Company's motions to dismiss. (DE ## 5, 13.) Plaintiff filed a response to the motions. (DE # 17.) Defendant did not file a reply, and the time within which to do so has expired.

On 5 January 2017, plaintiffs Frederick E. Smith and Beth Smith filed this action in North Carolina state court, alleging state law claims arising out of defendant's denial of long-term disability benefits for plaintiff Frederick E. Smith and waiver of life insurance policy premiums for the benefit of plaintiff Beth Smith. (DE # 1-1.) On 31 January 2017, defendant removed the action to this court and filed its initial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that plaintiff's complaint should be dismissed because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, completely preempts plaintiffs' state law claims.

On 9 February 2017, plaintiffs filed an amended complaint. (DE # 12.) They incorporated by reference the factual allegations and claims in the original complaint and added a claim alleging violations of ERISA. On 1 March 2017, defendant filed a second motion to dismiss pursuant to Rule 12(b)(6). In this motion, defendant requests that the court dismiss the action in its entirety, claiming that plaintiffs have failed to state a viable claim under ERISA and

incorporating by reference the arguments made in its initial motion to dismiss and supporting memorandum. However, in its memorandum in support of the motion, defendant argues only for the dismissal of plaintiffs' state law claims incorporated by reference in the amended complaint and for the striking of plaintiffs' jury trial demand. (See DE # 14.) Therefore, the court considers whether plaintiffs have sufficiently alleged their state law claims and whether their demand for a jury trial should be stricken.

The filing of the amended complaint moots defendant's initial motion to dismiss. See Dykes v. Portfolio Recovery Assocs., LLC, 306 F.R.D. 529, 530 (E.D. Va. 2015) ("It is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot." (citations omitted)). As for defendant's second motion to dismiss,

> Plaintiffs concede that their state law claims are governed, and preempted, by ERISA, but respectfully contend that said claims should not be dismissed; rather, they should be treated as federal ERISA claims so as to preserve the factual allegations upon which the state law claims (and, through incorporation thereof, Plaintiffs' ERISA claims) are based.

(Resp., DE # 17, at 3.) Also, plaintiffs do not object to the striking of their jury trial demand. (Id. at 6.)

Accordingly, defendant's initial motion to dismiss is DENIED as moot. Plaintiffs have failed to sufficiently allege any claim under state law. However, rather than dismissing plaintiffs' state law claims, the court deems them claims under ERISA, see Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 195 (4th Cir. 2002) ("[W]hen a claim under state law is completely preempted and is removed to federal court because it falls within the scope of § 502, [29 U.S.C. § 1132, ERISA's civil enforcement provision,] the federal court should not dismiss

the claim as preempted, but should treat it as a federal claim under § 502."), and defendant's second motion to dismiss is therefore DENIED. Plaintiffs' demand for a jury trial is STRIKEN.

This 3 May 2017.

_____

W. Earl Britt

Senior U.S. District Judge